CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jonathan Walker LaClair, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 7:25-cv-00613 |
| Middle River Regional Jail *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan Walker LaClair, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. LaClair complains that he has been harassed and targeted by prison staff and inmates because of his sexual orientation and history (Dkts. 1, 9.) LaClair submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (*See* Dkts. 2, 4, 7.)

While the court finds that LaClair qualifies to proceed without prepayment of fees or costs, it also finds that the amended complaint in this action fails to state a viable claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

**I.      Standard of Review**

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.   Analysis

LaClair's amended complaint fails to state a claim upon which relief can be granted. LaClair filed an original complaint that named only Middle River Regional Jail as a Defendant. By Order dated October 21, 2025, the court advised LaClair that a jail was not a viable defendant for his claim pursuant to 42 U.S.C. § 1983. (Dkt. 8 at 1–2.) The court granted LaClair an opportunity to file an amended complaint to correct this deficiency. (*Id.* at 2.)

LaClair was told that he needed to name persons as defendants to this action and that he needed to identify with specificity the particular actions or inactions of each person that he contends give rise to liability. (*Id.*)

LaClair submitted an amended complaint in response to the court's Order. (Dkt. 9.) The amended complaint does name persons as Defendants, but no facts are alleged describing the actions or inactions of each person. Instead, the amended complaint complains about staff and administrators generally. This is not sufficient to support a viable § 1983 claim. Liability under § 1983 is personal, so a plaintiff must identify the specific person or persons who purportedly violated his or her rights. *See Brownlee v. Williams*, Civ. No. 2:07-0078, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007). Allegations that unspecified prison personnel violated rights do not adequately state a § 1983 claim, *see id.*, and dismissal of defendants named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to those defendants, *see Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

LaClair also was advised that he needed to identify which constitutional provision or federal law he contended was violated by the acts of the Defendants. (Dkt. 8 at 2.) The amended complaint also fails to include this information. LaClair claims significant distress as a result of the behavior alleged and the court does not condone such behavior, but generally speaking, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir.

2005) (unpublished table opinion) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a claim).

Accordingly, the amended complaint fails to state a plausible claim of entitlement to relief under 42 U.S.C. § 1983. In the absence of a viable federal claim, the court declines to exercise supplemental jurisdiction over any asserted state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to LaClair and **CLOSE** the case. LaClair may refile his claims as a separate action, but he should be as specific as possible about the events and actors if he elects to do so.

**IT IS SO ORDERED.**

**ENTERED** this 18th day of November, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE